Arguments not to exceed 15 minutes per side. Mr. Shadd, for appellant. Good afternoon, your honors. May it please the court. My name is Kevin Shadd. I'm here representing Mark Brown, who is the defendant in court below. I would like to reserve four of my minutes for rebuttal, if I may. You may. Thank you. I raised four issues in the briefs in this case, but I'd like to focus in on just one of those issues for purposes of this hearing. And that is that the district court in this case imposed a sentence in excess of the statutory maximum sentence in this case. This is actually controlled by 21 U.S.C. section 844 and 21 U.S.C. section 851. Mr. Brown was convicted of one violation of 18 U.S.C. section 844, which requires a penalty of not more than 12 months. And that is a misdemeanor under federal law, unless the defendant has one qualifying conviction, which then can raise the statutory terms to 15 days to two years, and it makes it a felony. Now, in order for the government to be able to get that enhanced sentence, they are required, pursuant to 21 U.S.C. section 851, to file a notice prior to trial and invoke their intent to go for that enhanced sentence. They couldn't file it before trial? Absolutely they could have. They could have filed it before trial. The original charge was a charge under 21 U.S.C. section 841 with a lesser included offense, which is always available so long as the evidence allows that. But in this case, there was nothing preventing them from filing an 851 on either the 841 or the fact that there could have been an 844 instruction prior to trial in this case. Certainly nothing prevented them from doing that. But more than that, once 844 was in play, which was no later than the jury instruction conference in this case, at that point, they certainly would have had notice and ability to file an 851 enhancement in that case. You think if they had filed it in the middle of the trial, that would have been okay? Oh, I would have still been arguing today that it wasn't okay because of the plain language of the statute, but they would have at least been in better shape than they are today, which is they have still not filed an enhancement as of today. They didn't file it during trial, they didn't file it after trial, they didn't file it before sentencing. They never filed it. You had actual notice of it? We did not have actual notice of it. We had actual notice that there was a prior conviction in this case that was tied to the 922G offense, but that doesn't put this defendant in any different place than any other criminal defendant that's facing a 21 U.S.C. section 841 charge that has a prior conviction. Well, but you had prior notice of it before sentencing. Prior notice that they were seeking the enhanced penalty. That is absolutely correct. And you had an opportunity to contest whether or not the prior felony conviction was valid and whether it fit the parameters of the statute, correct? Absolutely, but the requirement for us to even file those objections doesn't come into play until they file the notice because the plain language of 851 says that we challenge the validity of that prior conviction once they file the 851 notice, which they never did in this case. What about the sentencing memorandum? Didn't that serve as a notice? The sentencing memorandum couldn't serve as notice because, number one, it was after trial. First and foremost, it was after trial. Second, at that point, we already had a jury conviction. And the jury conviction was for a misdemeanor offense. So the problem here is that the sentencing judge turned a misdemeanor into a felony without even relying on the jury's findings in this case. But that's permitted pursuant to Almendarez-Torres, right? There's no apprendi problem with what the judge did here as long as all he's relying on is the fact of a prior conviction. I would agree with you that he was relying on the fact of a prior conviction. The problem is with Almendarez-Torres, it applies to the Armed Career Criminal Act, which does not require prior notice. Well, no. Almendarez-Torres is a Supreme Court case that deals with whether or not you can count prior convictions without violating apprendi. So I concede that this would be a problem if the judge were turning a misdemeanor into a felony, increasing the penalty based on some fact other than a prior conviction. That would be an apprendi problem. But apprendi itself says other than the fact of a prior conviction, judges can't find facts. So you don't have that problem. Well, Your Honor, with all due respect, Almendarez-Torres is specifically limited to the Armed Career Criminal Act. I think we might be talking about a different case. But in any event, do you argue that you have an apprendi problem here? We did not argue that we have an apprendi problem. We have a problem that they never followed 21 U.S.C. Section 851. So have we ever held that Section 851, a violation of 851, let's say there's a violation, constitutes structural error? So the closest case that I cited to is United States v. Williams, which is a case that's in my brief. And in that case, just as in this case, they never filed an 851 enhancement. And in that case, just as this case, in that case, there was a plea. And in the plea, they actually gave the defendant actual notice of the enhanced penalty. So they said, you're pleading guilty to 10 to life, even though this is a 5 to 40. But they didn't file the 851 notice. And in Williams' published case out of this court, they reversed that because there was no actual notice of the 851, despite the fact that there was more than constructive notice with the plea agreement itself, and the defendant didn't contest it at sentencing. Is that because, though, it was a violation of the statute, or because the plea was not knowing because he wasn't informed of the actual sentencing? No, the plea was knowing because he was informed, and it was right in the written plea agreement itself that that was the enhanced penalty. It was that the government didn't follow 21 U.S.C. Section 851. And that's really, you can't get around the plain language of the statute in this case. What the government's seeking to do in this case is simply ask you to ignore 851 altogether in instances where the defendant has some kind of constructive notice that he could be on the hook for an enhanced penalty. And so in the future, if this court were to find that this was sufficient under 851, let's say we have my exact client, only he's also charged with the 924C. So he's found guilty of the 841 charge, not the 844 charge, so he's facing zero to 20 years. He's acquitted of the 922G, which gave him constructive notice of the prior, and he's acquitted of the 924C, which would have given him five years consecutive. In future cases, the government could come in and say, give him 25 years. And you can give him 25 years because we could have filed an 851 enhancement to give him zero to 30 on the 841 charge, but we didn't. But he was on notice that he was facing five years to life on the 924C anyway, and he was on notice that he had this prior conviction. Therefore, even though we've never filed an 851 notice, give him 25 years on this zero to 20 case. And if this court upholds this, then they can do that in future cases. And that's the problem with this case. The jury says that this is a misdemeanor. That's what they found in this case. No enhancement was ever given at any point in time under the requirements of 851, and this is a zero to 12 misdemeanor case. As I cited to in the Sharp case, that's a 1993 case, it's far beyond just the sentence, although the sentence is the six months extra that he's serving right now is enough of a problem. Does it make it a felony by putting this enhancement in, or is it still just an enhanced misdemeanor? No, it's a felony. It's a Class E felony as it stands right now. Without the enhancement, it's a misdemeanor. And so it changes everything in terms of possession of firearms, ability to vote. There's a whole plethora of things that he loses by this enhancement that is not correct under the law. Sure. I mean, I agree that he loses all sorts of things. Conversion from a misdemeanor to a felony is serious. But I'm still struggling with how your client was prejudiced. What would you have done differently? Were you trial counsel? No. So what do you imagine that trial counsel would have done differently if the notice had been filed in what you would consider a timely fashion? So let's say the notice was filed during the jury instruction conference. Certainly there would have been an objection raised immediately at that point that it was too late under the statute anyway, because the statute requires prior to trial. So that would have been preserved. But that's the one thing that obviously would have immediately changed, would have been that objection at that point in time. Okay. But what else? Well, the problem is that in 850, not filing in 851, we don't need to show prejudice. We don't need to show prejudice at all. So in order for your client to prevail, you need to convince this court that 851 compliance with this statute is structural error. Yes, yes. Okay. Yeah, I mean, the plain language of the statute is what it is, and the government's required to follow it. Could the government have filed this before the trial started? Absolutely. As a matter of fact, so. . . They could have filed it as soon as the indictment was returned. They could have filed it as soon as the indictment was. . . they could have filed it with the indictment. And the reason they could have is that the original indictment didn't even have an 841 charge. They did a superseding indictment that added the 841 charge. It was like 1 point some odd grams of crack cocaine. So the cusp of this being a simple possession offense was already apparent to all of the litigants anyway. Including you all. Obviously including us all because we're the ones that asked for the jury instruction on an 844. Yeah, I'm struggling with this. The law says you have to file the notice before trial starts. And at the end of trial, you all move for a different offense to be charged. And there was no way that they could file the notice before trial started. So under these unique circumstances, we look at actual notice and whether you're arguing that the enhancement is based on an inappropriate conviction. I mean, you sandbagged them. Your Honor, if I can. . . I see my time's up. If I can answer the question. So I don't believe that we sandbagged them in any event because, number one, they agreed to the instruction. If you look at page ID number 849, they were fine with the simple possession instruction. They did not raise an objection to it. So. . . You put them in a position where they were called upon to do something pursuant to statute that they couldn't do. File it before trial. They could have done it before trial, but I would agree that it became much more in play in the middle of trial. But again, Your Honor, their remedy at that point was to file it at some point before sentencing so we could at least have that to talk about. What we're dealing with now is 851's never been filed. Which they did in the sentencing memorandum. That's not an 851 notice provision. I know you're out of time, but I guess I'm in the center chair. If they had just labeled it sentencing memorandum and section 851 notice, we'd be okay now? Certainly we wouldn't be okay because I'd still be arguing that it was after trial. They would be in a better position than they are now. As long as they followed 851 with notice, here's the prior conviction, here's what we're relying on to get an enhanced sentence in this case. All right.  Good afternoon. May it please the court. Mitchell Hendy on behalf of the United States. If I may, I'll start with the sentencing issue as we just left off. In terms of what is settled law is that this court has never endorsed overly technical readings of what 851 requires. And what gives us the new case here is how the lesser included offense interacts with 851's requirements. And based on what the court has already said in other contexts, like plea agreements, it's clear that 851 should be interpreted as applying to the government's charges. And to pick up on a point I think Judge Black, you made at the end of my colleague's argument, the United States had no reason to file an 851 notice before trial in this case. Mr. Brown was charged with an 841B1C offense. That does not carry any mandatory minimums. The only effect that an 851 enhancement would create is lifting the statutory max from 20 years to 30 years. But you could have filed it. We could have filed it. What's the best reason for not filing it? Simply because Mr. Brown's advisory guidelines under the charged offense were about 27 to 40 months. And the United States' view was a 20-year sentence, let alone a 30-year sentence, would have been greatly disproportionate in the circumstances of this case. Realistically, Mr. Brown was never facing anywhere close to a 20-year sentence. So it should have been raised at least when they talked about a lesser included offense for the jury instructions, right? So the lesser included came up at the charging conference.  In a perfect situation, I think that we would agree, yes, that it's possible to get something on file immediately. You had counsel present. Maybe it was you or somebody else. But somebody could have said, well, if we're going to do that, we're going to file this 851. We'll let you know that, and we'll file it today, right? Honestly, I was not present at trial. But I think that in the heat of trial, like I said, very close to closing arguments, the better practice would have been to get something on file, understandably. But as the court was suggesting earlier, as the question suggested perhaps, that the sentencing memorandum combined with the actual notice, this was a 922G case, it's indisputable that the defendant was convicted of a qualifying prior conviction. Under the terms of 844, the charge of conviction, the count of conviction, Mr. Brown was eligible to be treated as a felon. And the only thing stopping that was whether or not the government complied with 851. And in the context of this case, with the lesser included sprung right at the onset of closing arguments, combined with the actual notice already filed in the case earlier, under those circumstances, the purposes of 851 are met. Because these are not the government's charges. These are the defense requested, the lesser included. Mr. Shadd said you never did file it. Is that right? We never did because, as he indicated, had we filed it, even after the charging conference, it still technically, to the letter of 851, would have been out of time. And so the argument was that there has to be some sort of not overly cramped reading of 851, but that in light of the lesser included offense that the defense requested, in view of those circumstances, the purpose is of 851. That is to allow the defendant to challenge the conviction and to beware of the possible enhancement were met. So is your argument that the government complied with the statute or that the government failed to comply with the statute but any error is harmless? More along the former, Your Honor. That you did comply with the statute? To be clear, the government is seeking a rule along the lines of where the defense requests and a lesser included offense. And so it's at the defense request and urging. And that's the count of conviction. The purposes of 851 are satisfied and the requirements of 851 are satisfied when the record shows indisputably actual notice of a qualifying prior conviction. So to be clear, my colleagues' hypothetical in this 924C or a different case, that would not be the government's position. The government's position here is that the lesser included offense changes everything here and that what the government was seeking when this case went to trial at the start of trial was vastly different than what the jury was ultimately deliberating on. And so that changes everything, and that changes the whole purpose of 851. Well, it might change the purpose, but it doesn't change the text, right? So how are we going to say you complied with the statute? I mean, I suppose some judge might be willing to say you complied with the statute which says before trial if you filed the piece of paper as soon as it was clear that that charge was being added to the trial. But you didn't do that either. Well, so the text of 851 requires the U.S. attorney to file in writing before trial what conviction would be relied on. Was that in the indictment itself? I'm sorry? Was that in the indictment? The indictment included a 922G count that indicated It didn't recite what the previous conviction was. Exactly, Your Honor. It recited the case number, the year, the caption, and that it was a trafficking and cocaine offense, if I recall. And so all that information, all the information that is typically required in an 851 notice was contained in that charge. And so 851 requires simply a writing that shows what the conviction was that we ultimately relied on. And that's actually what happened here. The record shows that the probation office came back suggesting that Mr. Brown had two prior convictions that would have further made him eligible for an additional enhancement under 844. The United States' position was only the one count of conviction that was identified in the superseding indictment can qualify. And that's ultimately what the district court agreed to. Would you concede that a defendant is severely prejudiced if you're going to go forward on this misdemeanor and there's no disclosure that we're seeking an enhancement and in trying to determine whether to request the lesser included, if the enhancement is going to be included, that changes the calculus enormously? I think, Your Honor, that when the defense requests lesser included instructions, on actual notice that the defendant has qualifying prior convictions, the purposes of 851 kind of fall away. I'm interested about whether it prejudiced the defendant because at the time they made the decision to request the lesser included, they were under the impression it was 0 to 12 because you hadn't told them you were going to rely on a prior conviction to enhance it. And so when they talked with their client, it was very different than what shook out. I would not see prejudice in that circumstance, in this circumstance, because there was no reason for the United States to have filed the information up until that point. And the defense had full knowledge. After you became aware that they were requesting the lesser included, you had a responsibility to say, hey, we're going to seek an enhancement. I don't disagree that that would be the better practice. And if possible, in the heat of trial. That's the reason the statute says you've got to file it? Under the terms of the statute, that notice still would have been technically untimely. And as opposing counsel suggested, he would still argue that it was out of compliance. So as a matter of statutory interpretation, I'm not quite sure what to do with the statute that says before trial. I mean, you didn't file before trial. You don't seem to want something that says you erred, but it's harmless. I mean, are we supposed to read this? Maybe we just say 851 is inapplicable in these circumstances. It doesn't apply in circumstances in which the charges change during trial. I'm not quite sure how to square your position with the words of the statute I have before me. I don't think I would go so far as to say it's inapplicable. But I think that as the case law, the district court did not find anything, our briefing doesn't suggest that this issue has ever been presented before, of a lesser included being the subject for an 851 enhancement. So while I don't think it's inapplicable, I think it requires a careful reading of what the text requires. The before trial, that obviously complicates how it could apply to lesser included. And the purposes, which are, did the defendant have actual notice of a qualifying prior conviction? And here, all of that is satisfied. There is indisputable record evidence of the prior conviction. In fact, there was a stipulation at trial that Mr. Brown had been convicted. Plus, you have lesser included offenses that came late in the day, that it would have been impossible for the government to have filed an 851 that actually complied with the letter of the statute at that point. I think that it's important to keep in mind how this case looked differently before. And that this advisory guidelines range was quite limited. And so there was no incentive for the government to have filed, and no purpose. It would possibly have been irresponsible to seek to enhance over a 20-year sentence in this case. What's your best case that you're relying upon here? I think that, while none of the cases are directly on point, I think that the court's decision in Pritchett is perhaps most instructive. In that case, you have no information is filed until after the guilty plea has been accepted. And the court understood that the plea agreement contemplated an enhanced sentence there. He didn't have that here. I mean, he didn't agree in advance of his sentencing that, I know I've got this prior conviction and I'll give up. He didn't say that. I'm sorry? He didn't say he gives up because he knew he had a prior conviction. He didn't dispute the prior conviction. And as the sentencing memorandum and the colloquy at the sentencing hearing all underscored, there was no dispute that the prior conviction qualified and that he actually did sustain that conviction. And so that part of 851, to ensure there's a due process right to challenge the reliability of that conviction, that falls away in this case since that's undisputed. And so what's left is simply the notice as to the possible enhancement. And here where there's actual, the superseding indictment contains that prior notice, an actual notice of that conviction, and it's on the defense initiative to introduce a lesser included, the purposes, I think, should be deemed satisfied. So it seems to me that you're both asking, each of you is asking the other side to anticipate what might happen. The defendant says the government should, at the outset, have anticipated that we might exercise our right to ask for a lesser included offense, and therefore they should have anticipatorily filed the 851 enhancement notification, in case we would later move for a lesser included. You say they should have anticipated our move, that once they actually move for the lesser included offense, and that was granted, they should have anticipated that we would then seek the statutory enhancement. So if we view it that way, which one of you is it that should have been anticipating the other person's move, and why should we call it one way or the other? Well, I think as a policy matter, it's not in anyone's interest for the government to file anticipatory 851 information, because had this not been an 841B1C case, but a B1B, by virtue of filing that 851 information, the mandatory minimum jumps up. It goes from five years to ten years mandatory minimum. In a case where the United States didn't view that as the appropriate disposition, but was only filing it in case a lesser included was brought at trial, and in case the jury convicted only of the lesser included, down the road that could have a very real impact on the defendant's sentence. So that's why I think the better view as a policy matter, and in line with the text, is to view 851 with the lens that it is ordinarily meant to apply to what the government's charges are, and the lesser included offense at the defense initiative complicates that matter, and so you have to look at the purposes and actual notice through other record documents in the case. Can the prosecution withdraw the 851 after the jury verdict? I think that is possible, yes. Why not just do it that way? I think that it is possible. It could happen that way. I think that it's uncommon from my understanding. But even that might change the defendant's calculus about whether or not to plea, right? So if you file an anticipatory 851, which increases the statutory range, the defendant who might have wanted to exercise the right to jury trial, thinking that they're facing a lesser sentence, now might say, oh, well, gosh, maybe I better plead this out because I'm facing 30 years if I don't. Exactly, and the same goes on kind of the flip side in this case, where this defendant already showed he was willing to go to trial facing at least up to a 20-year statutory maximum on the 841. And so to rely on the fact that the lesser included that has a substantially reduced sentence, there's much less, if any, prejudice between the 12-month and 24-month max as compared to the crimes and the possible sentencing exposure. Like I said, I think his advisory guidelines were up to about 40 months. So in that case, those kind of policy concerns are implicated there, too. So you didn't file the notice because you were looking out to protect the defendant? I think that we did file the notice here because there is virtually no impact that it could have had or should have had in this particular case. You didn't file it on day one in anticipation of a lesser included because you were looking out for the defendant and you didn't want to bump the felony charge higher? I think there's aspects of both, right? Where there's an advisory guidelines range that was calculated around 27 to 40 months. As a practical matter, the government, even if it wanted to, was not likely to receive a sentence over 20 years. And so in this case, a pretrial 851 would have had virtually no impact on the realistic sentencing exposure the defendant had. Unless there are any more questions, I'll rest on the briefs. Thank you. My esteemed colleague makes several policy arguments, and those would be really good arguments if he was in front of Congress. But we, in front of this court, we have to deal with the language of the statute. And the government has not argued that 851 is ambiguous. They've not argued that 851 doesn't apply to this case. They've not argued that it is unconstitutional. Therefore, this court is stuck with the plain language of 21 U.S.C. section 851, which requires that a notice be filed. It was not done so in this case, and therefore we're entitled to the relief that we seek. Isn't that form over substance? In order for it to be form over substance, there has to be at least some substance. And in this case, there was no substance, because nothing's ever been filed. And 851 does have language that you have to go through. You have to cite to 851A1, and you have to then provide the notification of the prior conviction, and that you're seeking the enhanced penalty under the Omnibus Controlled Substances Act. That was never done in the indictment. What they were seeking is to try to prove a 922G offense, not to seek an enhanced penalty under 841. And that's the problem here. It's unlike our gun cases that we have that don't require notice. We have a statute that absolutely requires notice in this case, and it just wasn't done in this case. And it does make a difference to the client, because otherwise I wouldn't be here. We're talking about 18 months in jail versus 12 months in jail and a misdemeanor offense. So it makes every difference in the world in this case, regardless of the fact that it's only a short period of time incarceration. So the government sandbagged you all by not giving you the notice? Well, I'm not going to say that they sandbagged us, but the fact is they believed that they were going to win the case. They believed that they were going to get convictions on those counts, and they didn't get all the convictions that they thought they were going to get, and they're stuck with that decision by the jury in this case. That's what the bottom line in this case is. They thought they were going to get a 0-20, a 0-10, and another 0-10 on this case. They didn't get it. They got one that was a 0-12 months, and that's what they're stuck with. But it's hard for me, anyway, to understand how your client would be better off if they had filed the notice before trial, thus exposing your client to potentially 30 years if your client had been convicted on the possession with intent to distribute. So, I mean, how would your client have been better off if they had done exactly what you say you wish they had done? Well, I don't know. The answer is I really don't know what the client would have done or would not have done had they filed the 851 at the beginning of trial. The only thing that I do know is what they didn't do. Right, and since, in your view, there's no harmless error that it would attach to this. I mean, that's another question. Aren't we required to treat all errors as harmless? Structural errors are never harmless. The government actually even admits that this is a de novo review of a statute, of a statutory construction. We're not dealing with an evidentiary matter that is subject to that kind of a harmless error. So it's got to be harmless beyond a reasonable doubt, right? Under their version. Well, that would be the Chapman standard if this were a constitutional violation, but we're not talking about a constitutional violation. Statutory violation. Right, so that's not the right standard, right? Well, once again, our argument is that it's actual structural error. 851 wasn't followed with, it's structural error. This is a sentence that is in excess of the statutory maximum. United States v. Wettstein out of this court says that a sentence in excess of the statutory maximum is per se reversible error. That's the language of Wettstein. Thank you, Your Honors.